IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CARL J. DILLDINE, II, )
 )
        Plaintiff, )
 )
        v. ) 1:09CV969
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
        Defendant. )

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Commissioner's Motion to Dismiss for Failure to Prosecute [Doc. # 12]. Plaintiff Carl Dilldine ("Plaintiff"), proceeding *pro se*, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for disability benefits under the Social Security Act. Along with his Complaint, Plaintiff filed an application to proceed in forma pauperis [Doc. #1], which was granted by the Court on December 31, 2009 [Doc. #4].

Defendant filed a timely Answer [Doc. #10] to Plaintiff's Complaint, and this Court issued a scheduling order [Doc. #11] on March 10, 2010, ordering Plaintiff to file his dispositive motions within forty-five days of that date. Plaintiff, however, took no further action in this case. Accordingly, on August 3, 2010, the Commissioner filed the instant Motion to Dismiss for Failure to Prosecute. Plaintiff was notified by the Court that failure to respond to the

Motion to Dismiss could result in dismissal of the action. However, Plaintiff did not respond to the Motion to Dismiss and has not attempted to pursue his claims in this case further.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see also Link v. Wabash Railroad Co., 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30. In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); see also Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (upholding dismissal of *pro se* plaintiff's claims, and noting that *pro se* litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

In the present case, Plaintiff is proceeding *pro se* and bears responsibility for the failure to prosecute this action. In addition, as to the pattern of Plaintiff's conduct, the Court notes that Plaintiff not only failed to take any part in this lawsuit beyond filing his Complaint; he also failed to respond to Defendant's Motion to Dismiss, despite being explicitly informed by the Court

that his failure to respond "may cause the court to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter." (Letter dated August 4, 2010 [Doc. #14].) Defendant has been put to the burden of filing an Answer, but the Court cannot further analyze the substance of Plaintiff's claims due to his failure to submit dispositive motions and apparent abandonment of his claims.[1] Finally, the Court concludes that in the circumstances, given the considerable passage of time with no response from Plaintiff, there is no alternative sanction short of dismissal that would be appropriate in this case.

IT IS THEREFORE RECOMMENDED that the Commissioner's Motion to Dismiss for Failure to Prosecute [Doc. #12] be GRANTED, and that this action be DISMISSED with prejudice.

This, the 22nd day of January, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Court does note that the Administrative Law Judge concluded that Plaintiff was capable of performing light work with some limitations, and further concluded that Plaintiff's reports of debilitating pain and Plaintiff's statements regarding the "intensity, persistence and limiting effects" of his symptoms were not credible to the extent that those claims were inconsistent with the residual functional capacity assessment, based on the evidence presented. There is no basis to further analyze this determination given the present procedural posture of the case.